**HAWORTH, INC., Plaintiff,**

v.

**HERMAN MILLER, INC., Defendant,**

and

**Arthur Anderson & Co.; The Knoll Group, Inc.; Mauri Sardi; James Williams; Harold Snodgrass; Ford F. Farabow, Jr.; Reff Corporation; Westinghouse Electric Corporation; Robert G. Mohr; and Steelcase, Inc., Movants.**

No. 1:92:CV:877.

United States District Court,
W.D. Michigan.

May 5, 1995.

Raymond L. Sweigart, Washington, DC, Carole D. Bos, Bos & Glazier, Grand Rapids, MI, Dale H. Thiel, Flynn, Thiel, Boutell & Tanis, Kalamazoo, MI, George M. Sirilla, Nancy J. Linck, William K. West, Jr., George Paul Edgell, Jeffrey A. Simenauer, Barry Paul Golob, James D. Berquist, Susan T. Brown, Cushman, Darby & Cushman, Washington, DC, Stuart I. Friedman, Friedman, Wittenstein & Hochman, New York City, Frank G. Smith, III, Ronald L. Reid, Alston & Bird, Atlanta, GA, John C. Buchanan, Lee T. Silver, Buchanan, Silver & Beckering, Grand Rapids, MI, for Haworth, Inc.

Ellen S. Carmody, James L. Wernstrom, Law, Weathers & Richardson, Grand Rapids, MI, James E. Christenson, Herman Miller, Inc., Zeeland, MI, David A. Anderson, Allan J. Sternstein, Roy E. Hofer, Joel W. Benson, Glen P. Belvis, Richard A. Cederoth, Michael

E. Milz, Jeffrey M. Duncan, William H. Frankel, William Brinks Hofer Gilson & Lione, Chicago, IL, Stephen Melvin Dorvee, William H. Kitchens, Arnall, Golden & Gregory, Atlanta, GA, for Herman Miller, Inc.

James E. Christenson, Herman Miller, Inc., Zeeland, MI, David A. Anderson, Allan J. Sternstein, Roy E. Hofer, Joel W. Benson, Glen P. Belvis, Richard A. Cederoth, Michael E. Milz, Jeffrey M. Duncan, William Brinks Hofer Gilson & Lione, Chicago, IL, Susan A. Cahoon, Kilpatrick & Cody, Stephen Melvin Dorvee, William H. Kitchens, Arnall, Golden & Gregory, Atlanta, GA, for Carithers–Wallace–Courtenay, dba CWC Office Outfitters.

Michael C. Russ, Sean R. Smith, King & Spaulding, Atlanta, GA, Daniel T. Schibley, Dennis J. O'Hara, Wilson & McIlvaine, Chicago, IL, for Arthur Anderson & Co.

John M. Romary, Michael L. Leetzow, Finnegan, Henderson, Farabow, Garrett & Dunner, Washington, DC, Robert H. Gillette, Wheeler Upham, PC, Grand Rapids, MI, David H. Flint, Schreeder, Wheeler & Flint, Atlanta, GA, for Knoll Group, Inc., Mauri Sardi, James Williams, Harold Snodgrass, Ford F. Farabow, Jr., Reff Corp., Westinghouse Electric Corp.

Randall G. Litton, Thomas M. McKinley, Price, Heneveld, Cooper, Dewitt & Litton, Grand Rapids, MI, for Robert G. Mohr, Steelcase, Inc.

Timothy E. Eagle, Varnum, Riddering, Schmidt & Howlett, Grand Rapids, MI, for Varnum, Riddering, Schmidt & Howlett.

Carmel C. Gill, U.S. West, Inc., Denver, CO, for U.S. West, Inc.

## OPINION

ENSLEN, Chief Judge.

The matter before the Court is a motion filed by plaintiff Haworth, Inc., ("Haworth") appealing Magistrate Judge Doyle A. Rowland's January 3, 1995 order denying Haworth's motion to compel discovery of sales by defendant Herman Miller, Inc. ("HMI"), of freestanding products. Freestanding products are collateral to the patented wall panels, but are sold by HMI together with, as well as independently of, its allegedly infringing panel system. Such products include desks, chairs, and files.

■ Magistrate Judge Rowland denied discovery on the basis of this Court's decision on July 21, 1993, denying Haworth lost profit damages for freestanding products on the "entire market value" theory of recovery. Under the entire market rule, the question is whether *Haworth* would have made a given sale of freestanding products *"but for"* HMI's infringement. *King Instrument Corp. v. Otari Corp.*, 767 F.2d 853, 863 (Fed.Cir.1985), *cert. denied*, 475 U.S. 1016, 106 S.Ct. 1197, 89 L.Ed.2d 312 (1986) (emphasis added). *See also, Kori Corp. v. Wilco Marsh Buggies & Draglines, Inc.*, 761 F.2d 649, 656 (Fed.Cir. 1985), *cert. denied*, 474 U.S. 902, 106 S.Ct. 230, 88 L.Ed.2d 229 (1985) (the entire market value rule is properly applied when the non-patented device cannot be sold without the patented feature). Haworth now contends that it should be allowed discovery of freestanding sales in order to determine a reasonable royalty *rate* under the theory of the hypothetical license transaction, explained in *Georgia Pacific Corp. v. United States Plywood Corp.*, 318 F.Supp. 1116, 1127–43 (S.D.N.Y.1970), *modified in part*, 446 F.2d 295 (2d Cir.1971), *cert. denied*, 404 U.S. 870, 92 S.Ct. 105, 30 L.Ed.2d 114 (1971). *See also, State Indus. Inc. v. Mor–Flo Indus. Inc.*, 883 F.2d 1573, 1580–81 (Fed.Cir.1989) ("The value of collateral sales could also be factored into the royalty rate.").

■ Under the *Georgia Pacific Corp.* theory of the hypothetical license transaction, the litigants are placed in the hypothetical position of willing parties to a transaction for a license to sell the patented product. Under this theory, the plaintiff may recover from the defendant profits the defendant obtained from sales convoyed on the sale of the infringing product—even though those collateral sales would not necessarily have otherwise gone to the plaintiff. *Georgia Pacific Corp.*, 318 F.Supp. at 1127. This is because hypothetical negotiators would take into account convoyed profits that the purchaser may reap from the sale of the patented product, whether or not those collateral profits would otherwise have gone to the seller. *Id.*

at 1132 (citations omitted). This is a different measure than that considered in this Court's July, 1993 opinion.

■ This Court has the discretion to choose the methodology for assessing and computing damages. *King Instrument Corp.*, 767 F.2d at 863. Patent law limits this Court's discretion to grant awards that are "adequate to compensate for the infringement" but not "less than a reasonable royalty." 35 U.S.C. § 284. This Court has not chosen the "entire market" lost profits theory of recovery to the exclusion of the *Georgia Pacific Corp.* method for calculating a royalty rate. *See State Indus. Inc. v. Mor–Flo Indus. Inc.*, 883 F.2d at 1573 (applying both theories). Indeed, the methods are not mutually exclusive. *See id.* Collateral products have been considered as a part of lost profits, *see King Instrument Corp. v. Otari Corp.*, 767 F.2d at 863; *Leesona Corp. v. United States*, 599 F.2d 958, 973–76 (Ct.Cl.1979), or as part of a "negotiated" royalty rate, *see State Indus. Inc. v. Mor–Flo Indus. Inc.*, 883 F.2d at 1581; *Trans–World Mfg. Corp. v. Al Nyman & Sons, Inc.*, 750 F.2d 1552, 1567–68 (Fed.Cir.1984); *Tektronix, Inc. v. United States*, 552 F.2d 343, 349, 213 Ct.Cl. 257 (1977); *Jenn–Air Corp. v. Penn Ventilator Co., Inc.*, 394 F.Supp. 665, 676 (E.D.Penn. 1975); *Georgia Pacific Corp.*, 318 F.Supp. at 1132, depending on what constitutes appropriate compensation for the infringement.

Nevertheless, HMI responds that Haworth cannot show a sufficient nexus between the sale of freestanding furniture and the sale of infringing panels for this Court to consider such collateral sales to be convoyed sales. This Court has already ruled that the sale of freestanding furniture is not so dependant on the sale of office panels that "but for" the sale of infringing HMI panels, the sale of any collateral freestanding furniture would go to Haworth. However, here Haworth must only show a cause-effect relationship that hypothetical negotiators would consider in establishing the license fee. *See Georgia Pacific Corp.*, 318 F.Supp. at 1121. The parties do not contest the accuracy of this Court's statement in its June 21, 1993, opinion that "[t]he vast majority of customers who seek to buy an entire workstation will purchase all the pieces from the same manufacturer or dealer." Haworth has some evidence to support this finding with regard to freestanding furniture. By licensing another to sell patented panels, Haworth would be trading-in its monopoly on that corner of the portable wall panel market, thereby trading an advantage in the selling of freestanding furniture to the buyers in that particular corner of the market. This Court's finding has never been sufficient for recovery under the "entire market rule", but it is sufficient to establish a basis for *discovery* under the approach outlined in *Georgia Pacific Corp.*

■ It may well be that when all factors in the market for wall panels are considered, convoyed sales of freestanding furniture will play a negligible role in calculating a reasonable royalty. But it is too soon to tell whether recovery for convoyed sales would over-compensate Haworth, *see Georgia–Pacific Corp. v. U.S. Plywood–Champion Papers, Inc.*, 446 F.2d at 299 n. 2 (explaining that the trial Court, by its inclusion of convoyed sales, may have failed to fix a license fee permitting the hypothetical purchaser [the infringer] a reasonable profit); just as it is too soon to tell that the failure to include them would under-compensate Haworth. *See* 35 U.S.C. § 284 (compensation cannot be less than a reasonable royalty). Convoyed sales are simply a factor this Court may consider when the time comes to calculate compensation.

There is no double counting of collateral sales, or inconsistency in this Court's opinions, because collateral sales of freestanding furniture is not considered a lost profit in this case. The Court in *Georgia Pacific Corp.* specifically held that the failure of the plaintiff to establish that collateral sales were lost profits did not preclude the Court from considering such sales in fashioning a reasonable royalty rate. *See* 318 F.Supp. at 1131–32. *See also, State Indus. Inc. v. Mor–Flo Indus. Inc.*, 883 F.2d at 1580–81 (applying both entire market rule and collateral sales approach). Similarly, Haworth is not precluded from discovery of HMI's convoyed sales of freestanding furniture on the basis of its failure to show such collateral profits actually constitute lost profits.

## CONCLUSION

I reverse Magistrate Judge Rowland's discovery ruling because he misinterpreted this Court's prior opinion. This Court's prior holding that HMI's collateral sales of freestanding furniture fails to meet the "entire market" theory of lost profits does not preclude discovery for the purposes of calculating a reasonable royalty rate.

### *ORDER*

In accordance with the Opinion entered on this date,

**IT IS HEREBY ORDERED** that plaintiff's appeal, filed on January 18, 1995 (dkt. # 506), of Magistrate Judge Rowland's ruling on discovery of sales of freestanding products is **GRANTED;**

**IT IS FURTHER ORDERED** that Magistrate Judge Rowland's Opinion and Order, dated January 4, 1995 (dkt. ## 498, 499), is **REVERSED.**